**HENRY I. SIEGEL CO., Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 221, Docket 29058.**

United States Court of Appeals
Second Circuit.

Argued Dec. 4, 1964.

Decided Jan. 13, 1965.

Osmond K. Fraenkel, New York City, (Hays, St. John, Abramson & Heilbron, New York City, William Abramson, New York City, of counsel), for petitioner.

Hans J. Lehmann, Washington, D.C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty. N.L.R.B.), for respondent.

Jacob Sheinkman, New York City, (James J. Graham, New York City, of counsel), for Amalgamated Clothing Workers of America, AFL–CIO, amicus curiae.

Before FRIENDLY and SMITH, Circuit Judges, and BLUMENFELD, District Judge.*

FRIENDLY, Circuit Judge:

In Amalgamated Clothing Workers of America, AFL–CIO v. NLRB, 324 F.2d 228 (2 Cir.1963), we reversed a decision of the National Labor Relations Board, 140 N.L.R.B. 1292 (1963), absolving Henry I. Siegel Co. of a charge of failing to bargain in good faith by not including in a union contract dated September 25, 1961, a statement that piece work rates were "engineered on the basis of a 12½ percent incentive above the base rate," to which it had in fact agreed. We remanded for the Board to determine whether the Amalgamated had waived its complaint and also whether the issue had become moot by virtue of the execution of a new contract in 1963. Answering both questions in the negative, the Board ordered Siegel, negatively, to cease and desist from "refusing to reduce to writing and incorporate in a written and signed contract any agreement reached with such Union concerning an incentive factor to be applied in the computation of piece rates, or any other subject of bargaining as to which the parties have reached agreement" and, affirmatively, to "bargain collectively with Amalgamated Clothing Workers of America, AFL–CIO, concerning the language of any provision as to which agreement has been reached, and incorporate such provision in a written and signed agreement." The Board disclaimed any determination whether Siegel had been guilty of a similar violation in connection with the 1963 contract, as to which, in another Board proceeding brought as a result of a charge by the Amalgamated, Siegel is contending that no agreement on the incentive factor was reached.

■ On Siegel's petition for review and the Board's cross-petition for enforcement, we follow our prior decision as the law of the case, Zdanok v. Glidden

Co., 327 F.2d 944, 949–950 (2 Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L. Ed.2d 298 (1964), and confine our review to the two issues determined by the Board on remand.

■■ A claim of "waiver" with respect to charges of refusal to bargain on an issue as to which bargaining is mandatory, or to include in a contract a point on which agreement has in fact been reached, requires some rather nice discriminations. A party faced with a stiff position by its opposite number on such an issue may decide against pressing it, preferring not to jeopardize other advantages it may obtain. It is somewhat misleading to speak of such conduct as a waiver of a refusal to bargain; rather, when the course of the negotiation is considered as a whole, no such refusal was ever consummated. Cf. E–Z Mills, Inc., 106 N.L.R.B. 1039, 1046 (1953). But when the issue has been pressed throughout, the party unable to force the other to bargain or to include an agreed provision in the written contract does not "waive" a completed refusal to bargain simply by signing up for the best it can get. It would seriously contravene the basic objective of industrial peace to place such a party in the predicament where it could make a valid charge of an unfair labor practice only if it forewent a contract altogether. We perceive no error in the Board's finding that here the Amalgamated kept pressing its position to the finish line and signed a contract without the agreed provision only because Siegel declined to sign one with it. We thus need not determine whether the Board would be required to give effect to a clear and uncoerced agreement not to file an unfair labor practice charge, in view of the principle that violations of the National Labor Relations Act give rise to public rather than private rights. Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738 (1940). Cf. Lodge 743, Int'l Ass'n of Machinists v. United Aircraft Corp., 337 F.2d 5, 8–10 (2 Cir.1964).

* Sitting by designation.

There is still less merit in the claim that the expiration of the 1961 contract rendered the complaint moot. A party guilty of an unlawful refusal to bargain in connection with a particular contract does not become vested with immunity because the Board's processes have not been completed before the signature of a successor agreement. See Pacific Coast Ass'n of Pulp & Paper Mfrs. v. NLRB, 304 F.2d 760, 765 (9 Cir.1962). Of course, the Board cannot assume that because failure to include a provision in an earlier contract was an unlawful refusal, repetition of the refusal is likewise so—the parties who agreed on the first occasion may have disagreed on the second. But the Board recognized this, and its order does not purport to resolve whether any agreement on the incentive factor was reached in 1963.

Petition for review denied; enforcement granted.